**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPHERIX INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>FAIRPOINT COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Spherix Incorporated ("Spherix" or "Plaintiff"), for its Complaint against Defendant Fairpoint Communications, Inc. ("Fairpoint" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is a corporation organized under the laws of the State of Delaware with a place of business at 1350 Avenue of the Americas FL 2, New York, New York 10019.

3. Upon information and belief, Fairpoint is a corporation organized and existing under the laws of Delaware, with a place of business at 521 East Morehead Street, Suite 500, Charlotte, NC 28202, and can be served through its Delaware registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. Upon information and belief, Fairpoint sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the

stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Further, the patent asserted has already been the subject of a case transferred to this Court, under Case No.: 1:15−cv−00869−SLR.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b). On information and belief, Defendant conducts business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this District. Further, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE40,999

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On November 24, 2009, U.S. Patent No. RE40,999 ("the '999 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '999 patent is attached as Exhibit 1.

10. The inventive embodiments of the '999 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.

11. The claims of the '999 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet. Instead, the claims of the '999 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method operate such networks and to maintain the interoperability of different physical configurations of such networks.

12. The claims of the '999 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, among other things, the invention adds new features to integrate Ethernet and other protocols together on a shared network. The '999 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

13. The technology claimed in the '999 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

14. Accordingly, each claim of the '999 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

15. Plaintiff is the assignee and owner of the right, title and interest in and to the '999 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

16. Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 7, 11 and 12 of the '999 patent by making, using, selling, importing and/or providing and causing to be used without authority within the United States, a method to format a data frame in VLAN network devices; for example, depending on the physical configuration of a VLAN, the embodiments include a method to adjust the format of a data frame to reflect the characteristics of the particular physical configuration of the VLAN (the "Accused Instrumentalities"). The Accused Instrumentalities include at least Fairpoint's Carrier Ethernet Services, VantagePoint, and Wholesale E-Line Ethernet Service, E-Line CES, that support IEEE 802.1Q.

17. In particular, claim 1 of the '999 patent generally recites a method of identifying a virtual network associated with a data frame when transmitting the data frame between a communications medium and a shared communications medium; where the method comprises: a) receiving the data frame from the communications medium, where the data frame includes a first type field and a data field; b) inserting a second type field at a location within the data frame preceding the first type field, a value of the second type field indicating the data frame include a virtual network identifier field, c) inserting the virtual network identifier field at a location between the second type field and the first type field; d) assigning a first value to the virtual

network identifier field, the first value corresponding to the virtual network; and e) transmitting the data frame over the shared communications medium.

18.     On information and belief, the Accused Instrumentalities infringe at least claim 1 of the '999 patent. (*See*, *e.g*., VantagePoint Ethernet Services Overview (*available at* https://www.orders-online.biz/~maine/STORE.gfx/store_files/fp/BSN-90511B.pdf) (accessed April 6, 2016) and Fairpoint Wholesale E-Line Carrier Ethernet Product Guide, Revision 2.3 (*available at* http://www.fairpoint.com/cmsimages/Wholesale E-Line CES Product Guide_12.7.11_tcm12-18510.pdf) (accessed January 2014). *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g*. p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g*. p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

19.     Claim 7 of the '999 patent  generally recites the method of identifying a virtual network associated with a data frame when transmitting the data frame between a communications medium and a shared communications medium, where the method comprises: a) receiving the data frame from the communications medium, the data frame including a length field and a data field; b) inserting a type field at a location within the data frame preceding the length field, a value of the type field indicating the data frame includes a virtual network identifier field; c) inserting the virtual network identifier field at a location between the type field and the length field, d) assigning a first value to the virtual network identifier field, the first value corresponding to the virtual network; and e) transmitting the data frame over the shared communications medium.

20. On information and belief, the Accused Instrumentalities infringe at least claim 7 of the '999 patent. (*See*, *e.g*., VantagePoint Ethernet Services Overview (*available at* https://www.orders-online.biz/~maine/STORE.gfx/store_files/fp/BSN-90511B.pdf) (accessed April 6, 2016) and Fairpoint Wholesale E-Line Carrier Ethernet Product Guide, Revision 2.3 (*available at* http://www.fairpoint.com/cmsimages/Wholesale E-Line CES Product Guide_12.7.11_tcm12-18510.pdf) (accessed January 2014). *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g*. p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g*. p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

21. Claim 11 of the '999 patent generally recites, in a network device, a method of transmitting a virtual network identifier in a data frame transmitted on a shared communications medium coupled to the network device, comprising: a) transmitting a preamble field, b) transmitting a destination and source media access control address field; c) transmitting a first type field whose contents indicate the virtual network identifier is present in the data frame; d) transmitting a virtual network identifier field containing the virtual network identifier; e) transmitting a second type field whose contents indicate a protocol type associated with the data frame; and, f) transmitting a data field.

22. On information and belief, the Accused Instrumentalities infringe at least claim 11 of the '999 patent. (*See*, *e.g*., VantagePoint Ethernet Services Overview (*available at* https://www.orders-online.biz/~maine/STORE.gfx/store_files/fp/BSN-90511B.pdf) (accessed April 6, 2016) and Fairpoint Wholesale E-Line Carrier Ethernet Product Guide, Revision 2.3

(*available at* http://www.fairpoint.com/cmsimages/Wholesale E-Line CES Product Guide_12.7.11_tcm12-18510.pdf) (accessed January 2014).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

23. Claim 12 of the '999 patent generally recites the method of claim 11, wherein the virtual network identifier field is 4 bytes.

24. On information and belief, the Accused Instrumentalities infringe at least claim 12 of the '999 patent.  (*See*, *e.g*., VantagePoint Ethernet Services Overview (*available at* https://www.orders-online.biz/~maine/STORE.gfx/store_files/fp/BSN-90511B.pdf) (accessed April 6, 2016) and Fairpoint Wholesale E-Line Carrier Ethernet Product Guide, Revision 2.3 (*available at* http://www.fairpoint.com/cmsimages/Wholesale E-Line CES Product Guide_12.7.11_tcm12-18510.pdf) (accessed January 2014).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

25. On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

26.  Plaintiff has been harmed by Defendant's infringing activities.

27.  Because the '999 patent is necessary to practice IEEE 802.1Q technology, Spherix agrees to license users of IEEE 802.1Q technology under the '999 patent on reasonable, and non-discriminatory (RAND) terms.  Spherix intends to abide by such terms by furnishing a courtesy copy of this Complaint upon filing, in advance of service, so that the Parties may amicably agree to such a RAND royalty.  Spherix intends to negotiate such RAND terms in good faith, and will be amenable to a delay of service and/or an immediate stay of the matter if Defendant also negotiates in good faith, so that no party need bear any unnecessary cost or expense.  If Defendants contests the obligation to abide by such terms, through action or inaction, then Plaintiff shall proceed against Defendant as an unwilling licensee and pursue the highest damages and/or other relief available under the law.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.  An adjudication that Defendant has infringed the '999 patent;

B.  An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '999 patent, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.  A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.  An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: April 26, 2016                              DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806

Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
   *Spherix Incorporated*