IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPHERIX INCORPORATED,<br><br>Plaintiff<br><br>v.<br><br>FAIRPOINT COMMUNICATIONS, INC.,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 16-305 RGA<br><br>**JURY TRIAL DEMANDED** |

**ANSWER**

Defendant FairPoint Communications, Inc. ("FairPoint") hereby responds to the Complaint filed by Plaintiff Spherix Incorporated ("Plaintiff"), as follows. FairPoint generally denies all allegations not expressly admitted herein below.

1. FairPoint admits that Plaintiff purports to bring an action under the Patent Laws of the United States. FairPoint denies all allegations of infringement.

2. FairPoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

3. FairPoint admits that it is a corporation organized and existing under the laws of Delaware, with a place of business at 521 East Morehead Street, Suite 500, Charlotte, North Carolina 28202. Except as expressly admitted, denied.

4. FairPoint admits that Plaintiff purports to bring an action under the Patent Laws of the United States. FairPoint denies all allegations of infringement.

5. FairPoint admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but FairPoint denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder against FairPoint. FairPoint lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph about Case No. 1:15-cv-00869-SLR. Except as expressly admitted, denied.

6. Denied.

7. FairPoint admits that it is a corporation organized and existing under the laws of Delaware. Except as expressly admitted, denied.

8. FairPoint incorporates and reasserts its denials and responses set forth in the paragraphs above.

9. FairPoint admits that what appears to be a copy of the ‘999 patent was attached as Exhibit 1 to the Complaint; that the ‘999 patent is entitled “VLAN Frame Format”; and that the ‘999 patent states on its face an issue date of November 24, 2009. Except as expressly admitted, denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. FairPoint lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

16. Denied.

17. FairPoint admits that Plaintiff purports to recite some language that appears to be from Claim 1 of the ‘999 patent, which document speaks for itself. Except as expressly admitted, denied.

18. Denied.

19. FairPoint admits that Plaintiff purports to recite some language that appears to be from Claim 7 of the ‘999 patent, which document speaks for itself. Except as expressly admitted, denied.

20. Denied.

21. FairPoint admits that Plaintiff purports to recite some language that appears to be from Claim 11 of the ‘999 patent, which document speaks for itself. Except as expressly admitted, denied.

22. Denied.

23. FairPoint admits that Plaintiff purports to recite some language that appears to be from Claim 12 of the ‘999 patent, which document speaks for itself. Except as expressly admitted, denied.

24. Denied.

25. Denied.

26. Denied.

27. FairPoint lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

## RESPONSE TO PRAYER FOR RELIEF

To the extent a response is required, FairPoint denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting that it has the burden of proof on any issue or defense, FairPoint asserts the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to join a party under Rule 19.

**THIRD AFFIRMATIVE DEFENSE**

FairPoint has not performed or participated in the performance of any acts in violation of any valid and enforceable claims of the asserted patent.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint has been brought in an improper venue.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part under the doctrine of equitable estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part under the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part under the doctrines of license, implied license, estoppel, payment, release, waiver, implied waiver, and/or other applicable equitable doctrines.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred in whole or in part because of FairPoint's discharge in bankruptcy.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred in whole or in part under 35 U.S.C. §§ 286, 287 and/or 288.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief should not be allowed under the doctrines of unclean hands and patent misuse.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not licensed the asserted patent on fair, reasonable and nondiscriminatory terms.

**RESERVATION OF RIGHTS**

FairPoint reserves the right to add any additional defenses that discovery may reveal.

**JURY DEMAND**

FairPoint demands a trial by jury of any and all issues so triable.

FairPoint respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285 in FairPoint's favor, and that FairPoint be awarded its reasonable attorneys' fees, costs, expenses, and other such relief as the Court may deem just and proper.

October 13, 2016

PROCTOR HEYMAN ENERIO LLP

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (# 3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@proctorheyman.com

*Attorney for Defendant*